# EXHIBIT "A"

4835-9547-3426, v. 1

#1045 RH

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT, IN AND
FOR WASHINGTON COUNTY, FLORIDA

STEVEN JENKINS,

     **Plaintiff,**

                          Case No. 12- 359 - CA

vs.

WAFFLE HOUSE, INC,

     **Defendant.**

# Summons

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **WAFFLE HOUSE, INC**
     **c/o Incorp Services, Inc., Registered Agent**
     **17888 67th Court North**
     **Loxachatchee, FL 33470**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____11/16/_____, 2012.

                              CLERK OF THE CIRCUIT COURT

                              By: _____
                                  Deputy Clerk.

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT IN AND
FOR WASHINGTON COUNTY, FLORIDA

STEVEN JENKINS,

        Plaintiff,

CASE NO. 12- 359- CA
FLA. BAR NO. 0739685

vs.

WAFFLE HOUSE, INC.,

        Defendant.

_____/

## COMPLAINT

Plaintiff, STEVEN JENKINS, hereby sues Defendant, WAFFLE HOUSE, INC., and alleges:

## NATURE OF THE ACTION

1.      This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981a.

2.      This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

## THE PARTIES

3.      At all times pertinent hereto, Plaintiff, STEVEN JENKINS was employed by Defendant. Plaintiff is a member of a protected class because of his gender (male).

4.      At all times pertinent hereto, Defendant, WAFFLE HOUSE, INC., has been organized existing, and/or operating under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5.    Plaintiff has satisfied all conditions precedent to bringing this action. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.    Plaintiff was originally employed with Defendant in or about April 2011, and held the position of Grill Operator/Server at the time of his termination on or about July, 14, 2011. During his employment with Defendant, Plaintiff was continually subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard than comparable employees due to his gender.

7.    During the relevant period hereto, Plaintiff was supervised by Unit Manager Laura Wilson (female), Relief Manager Ashley Edmonson (female), and Primary Grill Operator Magen Heder ( female).

8.    During the relevant period hereto, Wilson and Edmonson constantly criticized Plaintiff's work and acted rudely toward Plaintiff in front of his co-workers.

9.    Defendant has a policy dictating that any employee named in a customer complaint is to be terminated.  Upon information and belief, Plaintiff's female co-workers, including but not limited to the females identified above encouraged friends and customers to file false complaints against Plaintiff so that he would be terminated.

10.    During the relevant period hereto, Plaintiff was told that he could not wear an earring to work, despite that  female co-workers were allowed to wear earrings.

11.    Prior to Plaintiff's termination, Defendant changed Plaintiff's schedule, transferred Plaintiff to another location, assigned Plaintiff a new shift, and counseled Plaintiff.   He was

ultimately terminated on contrived allegations when his female coworkers were retained under similar if not identical circumstances.

12.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under Chapter 760, Florida Statutes, and/or 42 U.S.C. §2000e et seq..

## COUNT I

### GENDER DISCRIMINATION

13.     Paragraphs 1 through 12 are realleged and incorporated herein by reference.

14.     This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

15.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are female and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender.

16.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.  Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

3

17.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

18.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

19.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

20.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

   (a)    An injunction restraining continuing violations of the laws;

   (b)    Reinstatement to the same position that Plaintiff held before the retaliatory personnel actions or to an equivalent position;

   (c)    Reinstatement of full fringe benefits and seniority rights, to the extent such were available to Plaintiff;

   (d)    Compensation for loss wages, benefits, and other remuneration;

4

(e)     Damages as allowed by law;

(f)     Attorney's fees, costs and cost of this action, and

(g)     Any other relief deemed just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 7th day of November, 2012.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL   32303
Telephone:     (850) 383-4800
Facsimile:     (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
Michelle2@mattoxlaw.com
Mary@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

5

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Stevert Jenkins | From: Jackson Area Office<br>100 West Capitol Street<br>Suite 338<br>Jackson, MS 39269 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 425-2012-00064 | Antonio Jones,<br>Investigator | (601) 948-8451 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Wilma Jones Scott                    8/08/12

Wilma Scott,                              (Date Mailed)
Area Director

Enclosures(s)

cc:

| Manager<br>WAFFLE HOUSE INC<br>1680 Main Street<br>Chipley, FL 32428 | William Wasden, Esq.<br>Burr and Forman, LLP<br>11 North State Street<br>Mobile, AL  36602 | Marie Mattox, Esq.<br>310 East Bradford Road<br>Tallahassee, FL 32303 |
|---|---|---|